DORA SWINDELL, ADMINISTRATRIX, V. CHICAGO, BUR-
LINGTON & QUINCY RAILROAD COMPANY.

FILED APRIL 16, 1895.   No. 6239.

Action by Administratrix against a Railroad Company
for Negligently Causing the Death of her Husband.
THE EVIDENCE examined, and *held* to sustain the finding of the
jury (1) that the proximate cause of the deceased's death was
not the negligence of the railroad company; or (2) that the
proximate cause of the deceased's death was his own negligence;
and the judgment is affirmed.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Davis & Hibner,* for plaintiff in error.

*T. M. Marquett, J. W. Deweese,* and *F. M. Hall,* contra.

RAGAN, C.

Dora Swindell, administratrix of the estate of Frank Swindell, her deceased husband, sued the Chicago, Burlington & Quincy Railway Company (hereinafter called the Railway Company) in the district court of Lancaster county for damages for negligently causing the death of her intestate husband. The Railway Company had a verdict and

judgment, and the administratrix prosecutes to this court a petition in error.

In September, 1890, the state fair was being held on what are known as the fair grounds, some distance north of the Railway Company's passenger station in the city of Lincoln. These grounds were immediately on the main line of the Railway Company, extending from Lincoln to the city of Omaha. During the week of this fair the Railway Company ran special trains between its railway station in Lincoln and the fair grounds for the purpose of carrying persons to and fro between the city and the fair. A train left the station every fifteen minutes for the fair grounds. This train was pulled down to the fair grounds by an ordinary engine. A train also left the fair grounds every fifteen minutes for the station. This train was backed up from the fair grounds to the station. These special trains running between the station and the fair grounds crossed at grade Tenth, Eleventh, and Twelfth streets in the city of Lincoln. The grounds of negligence imputed by the administratrix to the Railway Company are thus stated in her petition: "On or about the 9th day of September, 1890, while said defendant was so operating said trains, as aforesaid, over, upon, and across the streets and alleys of the city of Lincoln, the said Frank Swindell, deceased, was walking upon or near X street near Eleventh, in said city of Lincoln, and the defendant was in a negligent and careless manner running a train of passenger cars backwards upon said street, and near to and over and across said streets, at an unlawful and unnecessary rate of speed, * * * and while so negligently, carelessly, and unlawfully running said train, did run said passenger train against, upon, and over the said Frank Swindell," etc. The undisputed evidence in the case is that on the afternoon of the 9th of September, 1890, the deceased was walking between the rails on the railway track between the railway station and the fair grounds and walking towards the station; and while thus walking one

of these special trains backing up from the fair grounds to the station struck him and killed him.    There is no evidence in the record that at the time he was struck he was on Tenth, Eleventh, Twelfth, or any other street of the city of Lincoln, and there is not the slightest pretense that at the time he was killed he was crossing, or attempting to cross, the track of the Railway Company.    It will be observed that the negligence charged to the Railway Company, which it is alleged caused the death of Swindell, was the running of the train backwards at an unlawful and unnecessary rate of speed.    The evidence is undisputed that the train which struck Swindell was at the time backing up to the station, or, as expressed in the pleadings, running backwards.    The evidence as to the speed with which the train was running at the time is conflicting.    Some witnesses place the rate of speed as high as twenty-five miles per hour, while others place it at eleven.    The court left it to the jury to say from the evidence whether the Railway Company's train at the time it struck Swindell was running at an unlawful and unnecessary rate of speed, whether the Railway Company was guilty of negligence in running the train at the rate of speed it did run it, and whether the rate of speed at which the train was running was the proximate cause of Swindell's death.    The court charged the jury: "If you find from the evidence that at the time the accident occurred the train was running at an unusual and unwarranted rate of speed, and that the said Swindell, at the time immediately preceding the accident, and while walking upon the tracks, exercised due and proper care to detect and get out of the way of any train that was running at a usual and warranted rate of speed, and if you further find from the evidence that this unusual and unwarranted rate of speed was the direct and proximate cause of the accident complained of, * * * then you are instructed that the plaintiff could recover in this action."

It is not specifically pleaded in the petition, but it is

argued here by counsel for the plaintiff in error, that the
Railway Company's servants, after they discovered that
Swindell was upon the track in front of the approaching
train, could, by the exercise of proper care, have avoided
running the train over him.    If we consider this argument
as one of the grounds of negligence on which this action is
based, we then have three things imputed as negligence to
the Railway Company which it is alleged contributed to the
death of Swindell: The running of the train backwards, the
unusual rate of speed of the train; and the failure of the
Railway Company, after discovering Swindell's presence on
the track in front of the train, to bring it to a stop before
it struck him.    There was evidence before the jury that at
the time the Railway Company put on these special trains
between the fair grounds and its station it stationed a flag-
man or watchman at each of the streets crossed by these
trains and kept these flagmen or watchmen there on duty
while the trains were running; that Swindell was seen by
one of these flagmen walking on the track between the rails
on the day he was killed and told not to walk there as it
was not safe; that the conductor of the train which struck
Swindell at the time was standing on the platform of the
rear car of the train backing towards the station; that he
had his hand upon the lever used for applying the air brakes;
that he saw Swindell walking by the side of the track going
towards the station; that Swindell, without looking around,
stepped on the track when the train was within some fifty
feet of him; that the conductor applied the air and called
to Swindell, but that the latter paid no attention to him;
that the train was stopped as soon thereafter as possible.
If the jury predicated its verdict upon findings that the
Railway Company, in running its train backwards and at
the speed at which it was running, was not by either of
said acts guilty of negligence which caused or contributed
to the death of Swindell, the evidence supports that finding.
Assuming for the purposes of this case that the running of

the train backwards was some evidence of negligence, and that the evidence introduced on behalf of the administratrix that the train at the time it struck Swindell was running at a speed of twenty-five miles an hour was also evidence of negligence on the part of the Railway Company, still the jury had before it the evidence as to the precautions taken by the Railway Company in placing flagmen at each of the street crossings over which these trains passed, and that the conductor was on the rear platform of the coach next to the station towards which the train was backing at the time the accident occurred, and the other evidence as to the speed of the train. This evidence and these circumstances were sufficient to authorize the jury to find that, the time, the place, the circumstances, and all the conditions under which this train was being operated considered, the running of the train backwards and the running it at the rate of speed it was running was not negligence on the part of the Railway Company. There is some conflict in the evidence as to how far Swindell was from the end of the coach which struck him at the time he was discovered by the conductor standing on the platform of that coach. Some of the evidence is that Swindell stepped on the track in front of the coach approaching him when fifty feet from it. There is also evidence that he stepped on the track not more than twenty feet from the train. There is some conflict in the evidence as to whether the train was brought to a stop in as short a time as could have been done by the exercise of proper care. It was for the jury to say from all the evidence in the case whether the Railway Company, after it discovered Swindell on this track in front of the approaching train, made use of all proper efforts to stop the train and avoid the injury. The jury has found by its verdict that the Railway Company was guilty of no negligence in this respect, and the evidence sustains this finding. There is in this case no claim that Swindell was on the track before he was seen by the men in charge of the train;

in other words, it is not claimed that the Railway Company's employes were guilty of negligence in not keeping a proper lookout and in not discovering Swindell's presence on the track before they did. There seems to be no doubt whatever from the evidence in the record that Swindell was walking from the fair grounds towards the station, was walking by the side of the the track, was seen walking there by the conductor who stood on the rear platform of the rear car of the train, and was seen by the conductor on the track between the rails. The question litigated here, like the one involved in all other cases of this character, was: By whose fault or neglect did Swindell lose his life? The jury by its verdict has said at least that the death of this man was not the result of the negligence of the Railway Company, and this finding is supported by sufficient competent evidence.

Complaint is made by counsel for plaintiff in error because the court refused to give a number of instructions requested by them. We have carefully examined all these instructions, and the instructions given by the court, and we find that the court in its charge to the jury gave the substance of all the instructions requested by the plaintiff in error to which she was entitled. Some criticisms are also made by counsel for plaintiff in error upon the instructions given by the court on its own motion. After a careful study of the evidence in this case we have reached the conclusion that the plaintiff in error was not prejudiced by any instruction given by the trial court. Indeed, the charge of the learned judge is a clear and comprehensive statement of the law applicable to the facts in this case. There is no error in the record and the judgment of the district court is

AFFIRMED.